O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| GLENN A. DAVIS, | ) | Case No. CV 12-1474-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Glenn A. Davis ("Plaintiff") seeks judicial review of the Commissioner's final decision denying his application for supplemental security income benefits ("SSI") pursuant to Title XVI of the Social Security Act. For the reasons stated below, the Commissioner's decision is remanded for further proceedings.

**I.   Factual and Procedural Background**

Plaintiff was born on March 29, 1961. (Administrative Record ("AR") at 32, 75). He has a limited education and is able to communicate in English. (AR at 32).

On March 15, 2010, Plaintiff filed an application for SSI, alleging that he has been disabled since January 2, 2002, due to degenerative disc disease, rheumatoid arthritis, hip and low back problems, a learning impairment, and illiteracy. (AR at 139). The Social Security Administration denied Plaintiff's application initially and on reconsideration.[1] (AR at 95-98, 100-04).

An administrative hearing was held before Administrative Law Judge Sherwin F. Biesman ("the ALJ") on May 23, 2011. (AR at 71-90). Plaintiff, who was represented by counsel, testified at the hearing. In a written decision dated May 26, 2011, the ALJ found: Plaintiff had not engaged in substantial gainful activity since March 15, 2010, the date of the application (step one); Plaintiff has the severe impairment of degenerative disc disease of the lumbar spine (step two); Plaintiff's impairment did not meet or equal any impairment in the Listing (step three); Plaintiff retained the residual functional capacity ("RFC") to perform the full range of medium work, *see* 20 C.F.R. § 416.967(a); Plaintiff was unable to perform past relevant work (step four); and Medical-Vocational Guideline Rule 203.26 directed a finding of "not disabled" (step five), given Plaintiff's residual functional capacity, age, education and work experience. (AR at 23-33). Accordingly, the ALJ determined that Plaintiff had not been under a disability since the date he filed the SSI application. (AR at 33). On December 20, 2011, the Appeals Council denied review.

Plaintiff commenced this action for judicial review on March 2, 2012. The parties filed a joint statement of disputed issues on

---

[1] Plaintiff also applied for Disability Insurance Benefits. (AR at 117-20). That application was denied, as Plaintiff had not worked long enough to qualify for disability benefits. (AR at 65-67, 117-20).

September 18, 2012. Plaintiff contends that the ALJ: (1) failed to correctly consider the opinions of Plaintiff's examining physicians; and (2) failed to correctly consider Plaintiff's testimony. (Joint Stipulation at 4-7, 10-18, 23-24). Plaintiff seeks remand for further proceedings. (Joint Stipulation at 19). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 19). The Joint Stipulation has been taken under submission without oral argument.

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. *Lingenfelter*, 504 F.3d at 1035 (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

//

**III. Discussion**

    **A. Plaintiff's Mental Impairment**

Plaintiff contends that the ALJ failed to properly consider the medical evidence concerning his borderline intellectual functioning. (Joint Stipulation at 4). The Court agrees with Plaintiff.

On August 5, 2008, Steven I. Brawer, Ph.D conducted a psychological evaluation of Plaintiff. (AR at 211-17). Plaintiff reported that he had been classified with a learning disability and was unable to read or write. (AR at 212). Plaintiff also stated that he had been depressed for several years. (AR at 212). Intelligence testing revealed that Plaintiff had a full scale IQ score of 73, which was in the borderline range of intellectual functioning. (AR at 214-15). Plaintiff's general memory functioning and working memory were also in the borderline range. (AR at 215). Plaintiff was in the mildly delayed range of visual and perceptual motor functioning and in the low average range for short-term visual memory for designs. (AR at 215-16). Plaintiff displayed a "mild-to-moderate impairment" on complex tasks involving mental flexibility in shifting sets. (AR at 264).

Dr. Brawer determined that Plaintiff was functioning in the borderline range of intellectual ability. (AR at 216). Dr. Brawer diagnosed Plaintiff with depressive disorder, NOS, and learning disorder, NOS. (AR at 216). Dr. Brawer opined that Plaintiff "would be able to learn a simple, repetitive task and may be able to perform some detailed, varied or complex nonverbal tasks." (AR at 216). Dr. Brawer further found that Plaintiff demonstrated mildly diminished attention, concentration, persistence and pace in completing tasks, and that Plaintiff may have mild limitations in the ability to effectively manage customary work stresses, and difficulties maintaining stamina and

motivation. (AR at 217).

The ALJ concluded that Plaintiff did not suffer from a severe mental impairment. (AR at 29, 32). While the ALJ found Plaintiff's depression and learning disorder to be medically determinable conditions, the ALJ found that Plaintiff was able to perform the full range of medium work. (AR at 26). The ALJ asserted that Dr. Brawer's findings were consistent with the record as a whole, including the opinions of an examining psychiatrist and non-examining medical consultant. (AR at 31, 265-68, 269-78). The ALJ stated that he afforded "significant weight" to Dr. Brawer's opinion. (AR at 31).

It is well settled that an ALJ must present specific and legitimate reasons supported by substantial evidence in the record before rejecting an examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). Rather than merely stating his conclusions, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Here, the ALJ erred by failing to provide reasons for discounting Dr. Brawer's opinion. Although the ALJ stated that he gave Dr. Brawer's opinion "significant weight," the ALJ did not address Dr. Brawer's finding that Plaintiff may be able to perform "*some* detailed, varied or complex nonverbal tasks." (AR at 216) (emphasis added). It was improper for the ALJ to rely on aspects of Dr. Brawer's opinion supporting his evaluation of Plaintiff's mental condition, while ignoring those aspects of Dr. Brawer's findings contradicting that conclusion. *Gallant v.*

*Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (stating that it is error for an ALJ to ignore or misstate the competent evidence in the record in order to justify her conclusion); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (stating that an ALJ is not permitted to reach a conclusion "simply by isolating a specific quantum of supporting evidence"). Therefore, the ALJ's consideration of Dr. Brawer's opinion was not supported by substantial evidence. *Lester*, 81 F.3d at 830-31.

The Commissioner asserts that any error was harmless, as a residual functional capacity assessment for medium work was supported by the medical evidence of record. (Joint Stipulation at 9-10). "[A] district court's erroneous exclusion of evidence does not warrant reversal unless the error 'more probably than not tainted the verdict.'" *Molina v. Astrue*, 674 F.3d 1104, 1119 (9th Cir. 2012) (quoting *Engquist v. Or. Dept. of Agriculture*, 478 F.3d 985, 1009 (9th Cir. 2007). "[A]n ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Molina*, 674 F.3d at 1115 (quoting *Carmickle v. Comm'r*, *Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). Factors important in determining whether the omission of evidence was harmless, include whether the evidence at issue was cumulative of other competent evidence, and the "overall strength of the case against the appealing party." *Id.* at 1119-20 (internal quotation marks and citations omitted). Here, the Commissioner contends that Dr. Brawer's opinion was consistent with the opinions of another examining physician, Minh-Khoi Doung, M.D., and a state agency reviewing physician. (Joint Stipulation at 9-10; AR at 265-68, 269-78). Both Dr. Duong and the state agency physician found that Plaintiff had no mental functional limitations. (AR at 265-68, 269-78). Dr. Brawer's opinion, however, significantly differed from these doctor's opinions. Dr. Brawer

diagnosed Plaintiff with mental impairments (learning disorder, NOS and borderline intellectual functioning) and assessed functional limitations (ability to learn "a simple, repetitive task and may be able to perform some detailed, varied or complex nonverbal tasks") that were never discussed by the other physicians. (AR at 216). Further, Dr. Duong did not administer any intellectual testing or review Plaintiff's psychological record, and the non-examining physician's opinion by itself did not justify rejection of an examining physician's opinion. *Lester*, 81 F.3d at 831; (AR at 265-68). Thus, Dr. Brawer's assessment of Plaintiff's mental functioning was not cumulative of other competent evidence. *Molina*, 674 F.3d at 1115. Viewing the record as a whole, the Court cannot find that the ALJ's error was harmless or inconsequential to the ultimate disability determination. *Molina*, 674 F.3d at 1115

## IV. Conclusion

This matter is reversed and remanded so that the ALJ may further evaluate the medical evidence and make appropriate findings with respect to Plaintiff's mental condition. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate).[2]

\\
\\

---

[2] In light of this remand, the Court does not reach Plaintiff's remaining arguments. *See Bunnell*, 336 F.3d at 1115-16. The Court recommends, however, that the ALJ consider all of Plaintiff's arguments when determining the merits of his case on remand.

**ORDER**

Accordingly, **IT IS ORDERED** that this action is **REMANDED** for further proceedings consistent with this Memorandum Opinion.

DATED: October 1, 2012

_____
MARC L. GOLDMAN
United States Magistrate Judge